**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrice E. Brown,               ) | No. CV-07-1363-PHX-GMS (JRI) |
|                                 ) | |
|         Petitioner,             ) | **ORDER** |
|                                 ) | |
|   v.                            ) | |
|                                 ) | |
| Mark A. Bezy, et al.,           ) | |
|                                 ) | |
|         Respondents.            ) | |
|                                 ) | |

Pending before the Court is the Writ of Habeas Corpus of Petitioner, Patrice E. Brown. (Dkt. # 1.) On March 27, 2008, Magistrate Judge Jay R. Irwin issued a Report and Recommendation ("March 27 R & R") recommending that the Petition be denied. (Dkt. # 15.) Petitioner timely filed objections. (Dkt. # 16.) The matter was remanded back to Judge Irwin for a revised Report and Recommendation addressing Petitioner's equitable tolling objection. (Dkt. # 17.) On September 15, 2008, Judge Irwin issued a Supplemental Report and Recommendation ("September 15 Supplemental R & R"), again recommending that the Petition be denied. (Dkt. # 23.) Petitioner again filed objections. (Dkt. # 24.) For the reasons below, the Court adopts both the March 27 R & R and the September 15 Supplemental R & R.

**BACKGROUND**

On November 20, 2000, Petitioner was found guilty of one count of child molestation, three counts of sexual conduct with a minor, and two counts of sexual abuse. Petitioner was sentenced to consecutive prison terms totaling seventy-seven years. The March 27 R & R and September 15 R & R set forth the factual and procedural background of this case, to which neither party objected. Accordingly, the Court adopts this background as an accurate recital.

Petitioner asserts three grounds for relief in his Petition for Writ of Habeas Corpus: (1) Petitioner's trial counsel was ineffective in violation of the Fifth, Sixth, and Fourteenth Amendments; (2) Petitioner's Fifth, Sixth, and Fourteenth Amendment right to a fair trial was violated when the prosecutors knowingly used perjured testimony to obtain his conviction; and (3) Petitioner's due process rights were violated when he received a harsher sentence because he stated that he intended to appeal his conviction. (Dkt. # 1.) The Magistrate Judge recommended that all three grounds be dismissed with prejudice.

**STANDARD**

A "district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions." *Thomas v. Arn*, 474 U.S. 140, 141 (1985); *see also* 28 U.S.C. § 636(b)(1)(B); *Estate of Connors v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993). Any party "may serve and file written objections" to the R & R. 28 U.S.C. § 636(b)(1). "A judge of the court shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." *Id.* A district judge "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

## DISCUSSION

Petitioner's objections to the March 27 R & R contained only one objection arguing that he is entitled to equitable tolling to avoid the effect of his delinquent filing. This objection was considered by the Magistrate Judge in the September 15 Supplemental R & R. Petitioner's objections to the September 15 Supplemental R & R again present the same argument that "he is entitled to equitable tolling for the time after he became aware of the denial of his 'lost petition.'" (Dkt. # 24, at 1.) The Magistrate considered this argument:

> Therefore, at best, Petitioner would be entitled to tolling for the period from the expiration of his review time until he received notice of the petition's denial, *i.e.* from July 15, 2006[,] until October 17, 2006. Or, more generously allowing for Petitioner's receipt of that advice, until October 27, 2006[,] when he again wrote the Superior Court discussing the information from the Court of Appeals.

(Dkt. # 23, at 3.) As explained, Petitioner only had approximately eighty-one days left in which to file his federal habeas petition. Assuming that tolling is proper through October 27, 2006, Petitioner would have needed to file his petition prior to mid-January 2007. The Petition was filed nearly six months after this time. Even if we accept as true Petitioner's statement that "[t]he Court shows no record of the petition being filed until 9-17-07" (Dkt. # 24, at 2), the Petitioner would still be approximately five months delinquent in his filing.

Petitioner maintains that he should be entitled to further equitable tolling based on the argument that "Petitioner would not have been able to file a Writ of Habeas Corpus with the Federal Court without transcripts and superior court records." (*Id.*) The Court, however, agrees with the analysis of the Magistrate on this matter. (*See* Dkt. # 23, at 4) ("[N]othing in

- 3 -

federal habeas law would require Petitioner to provide copies of his state petition, or proof of its filing beyond the state court's ruling, as a prerequisite to filing his federal petition."); *see also* 28 U.S.C. § 2254(f) ("If the applicant, because of indigency or other reason is unable to produce such part of the record, then the State shall produce such part of the record and the Federal court shall direct the State to do so by order directed to an appropriate State official."). Because equitable tolling only applies "if extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time," *Calderon v. U.S. Dist. Court for the Cent. Dist. Of Cal. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), Petitioner will not be granted tolling for the time he spend attempting to obtain misplaced records.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** adopting the March 27, 2008, Report and Recommendation (Dkt. # 15) and the September 15, 2008, Supplemental Report and Recommendation (Dkt. # 23).

**IT IS FURTHER ORDERED** denying and dismissing with prejudice Petitioner's Petition for Writ of Habeas Corpus (Dkt. # 1).

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** directing the Clerk of the Court to terminate this action.

DATED this 30th day of September, 2008.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

G. Murray Snow
United States District Judge